# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14-cv-2691 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| HICKORY HEALTHCARE INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

By order dated June 30, 2015, the Court referred two motions to Magistrate Judge Kathleen B. Burke: plaintiff's motion to quash (Doc. No. 26) and defendants' motion to extend discovery (Doc. No. 27). The Court asked the magistrate judge to resolve the former and make a recommendation regarding the latter. Now before the Court is plaintiff's objection to the order and recommendation of the magistrate judge. (Doc. No. 43.)

## I. STANDARD OF REVIEW

Ordinarily, nondispositive matters are referred to a magistrate judge for outright disposition, as is the case with the discovery matters presently at issue. Under Fed. R. Civ. P. 72(a), objections to the order of a magistrate judge with respect to the resolution of a nondispositive matter is reviewed by the district court under the "clear error" or "contrary to law" standard. *United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A,B)).

The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A factual finding is "'clearly erroneous' when although there is no evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 2d 746 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue* (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). This standard does not empower a reviewing court to reverse the magistrate judge's finding simply because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

*01 Communique Laboratory, Inc. v. Citrix Sys., Inc.*, 1:06CV253, 2014 WL 2506250, at *3 (N.D. Ohio June 3, 2014); *see also Phillips v. Philip Morris Co., Inc.*, 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013).

In reviewing a magistrate judge's decision to determine whether it is "contrary to law," a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an "abuse of discretion" standard. An "abuse of discretion" occurs when a court "'improperly applies the law or uses an erroneous legal standard.'" *Thomasville Furniture Indus.*, 2006 WL 456479, at *1 [N.D. Ohio Feb. 24, 2006] (quoting *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992)) (further quotations and citations omitted).

*Phillips*, 2013 WL 3291516, at *2.

## II. DISCUSSION

### A.    Procedural Background

On July 15, 2015, Magistrate Judge Burke issued an Order and Recommendation. (Doc. No. 42.)[1] The order denied plaintiff's motion to quash as moot to the extent it sought to

---

[1] Before the magistrate judge issued her Order and Recommendation, she first conducted a telephone conference with counsel, after which she directed them to attempt to resolve, or at least narrow, their discovery disputes. Counsel were directed to jointly file a status report to advise the magistrate judge as to issues that remained unresolved and required court intervention. (*See* Minute Order, Doc. No. 30.) This set off a flurry of reports, objections and motions. (*See* Status Report filed by defendants [Doc. No. 31]; Plaintiff's Objection to Status Report [Doc. No. 32]; Defendants' Objection to Objection to Joint Report [Doc. No. 33]; Plaintiff's 45-Day Status Report [Doc. No. 35]; Defendants' Motion to Strike Status Report [Doc. No. 36].) Counsel seem unable to work

quash the notice of deposition of plaintiff's counsel because that notice had already been withdrawn by defendant. The order further denied plaintiff's motion to the extent it sought to quash the notice of deposition of plaintiff and also to the extent it sought an award of attorney fees and costs. (*See* Doc. No. 42, at 331.) In view of the latter denial, and addressing defendants' requested discovery extension, "in the interest of having the case heard on the merits" (*id.* at 332), the magistrate judge recommended a short extension of the discovery deadline "to allow for the taking of Plaintiff's deposition and to allow for limited production of documents responsive to Defendant's [sic] Requests for Production of Documents relating to the issue of damages, i.e., Defendant's [sic] Requests for Production of Documents Nos. 4, 12, and 13." (*Id.* at 333, footnotes omitted.)

On July 16, 2015, plaintiff filed objections to the order and recommendation. (Doc. No. 43.)[2] Plaintiff's basic argument is that she never agreed to delay discovery pending mediation (as defendants have incorrectly asserted), that she diligently reached out to defendants' counsel and attempted to obtain cooperation to schedule discovery depositions in a timely fashion but was ignored, and that she withdrew her own request for seven discovery depositions (deciding to rely upon the testimony of these witnesses in the administrative proceedings) only to avoid further delay after defendants ignored her scheduling requests.[3] She argues that, by now permitting defendants' untimely deposition of plaintiff (whose testimony in

---

cooperatively and/or to communicate effectively with each other. (*See* Order and Recommendation, Doc. No. 42 at 328, n.4.)

[2] The magistrate judge recommended exact deadlines for the discovery extension; however, those deadlines were rendered unattainable by the filing of plaintiff's objections. Under Fed. R. Civ. P. 72(b)(2), the Court was required to wait a minimum of 14 days for any opposition to the objections. As it turned out, none were filed by defendants.

[3] Plaintiff has not objected to the denial of her request for attorney fees and costs.

the administrative proceedings is also available), she will be prejudiced due to her inability to obtain the testimony of defendants' seven witnesses.

**B.      Analysis**

   *1.      Order on Motion to Quash*

   Relying upon Fed. R. Civ. P. 26(c), plaintiff argued before the magistrate judge that defendants acted in bad faith by noticing her deposition "at the last hour, unilaterally," after failing to cooperate with plaintiff's earlier attempts to schedule depositions. Plaintiff further argued that, under Fed. R. Civ. P. 30(a)(2), because she had been deposed during the course of administrative proceedings, defendants needed leave of court to depose her a second time.

   Although acknowledging that the deposition was sought by defendants on "the eve of the discovery cutoff[,]" (Doc. No. 42 at 331), because plaintiff has not been deposed *in this case* and because the notice was served prior to the close of discovery, the magistrate judge denied the motion to quash, properly concluding that Rule 30(a)(2) would not bar defendants from redeposing plaintiff. The magistrate judge further noted that, because plaintiff had not submitted transcripts of the testimony elicited during the administrative proceedings, she had failed to show, under Rule 26, that being deposed again would impose an undue burden without resulting in any new evidence or information. The magistrate judge also noted that areas of damages sought in the instant case, and possibly even some aspects of liability,[4] did not appear to have been within the scope of the administrative proceedings and, therefore, redeposing plaintiff would not result in duplication.

---

[4] The magistrate judge reached this conclusion having ordered defendants to submit a list of the subjects on which they would depose plaintiff.

Objecting to this nondispositive order, plaintiff repeats her argument regarding duplication, and further asserts that defendants should not be allowed to depose her solely because of the timing of the notice and defendants' alleged failure to cooperate with plaintiff's timely, diligent attempts to schedule depositions. (Doc. No. 43, at 335.) Plaintiff insists that she never agreed to stay discovery pending the earlier mediation before the magistrate judge.

Applying Rules 26 and 30, the Court finds nothing clearly erroneous or contrary to law in the magistrate judge's order denying plaintiff's motion to quash the notice of her deposition. Therefore, there is no basis to "modify or set aside any part of the order" under Rule 72(a).

### 2. *Recommendation re: Extension of Discovery Deadline*

In view of the order on the motion to quash, although properly noting that defendants were "plainly dilatory in pursuing discovery[,]" and that the assertion that the parties had agreed to stay discovery pending mediation was not supported by the record (Doc. No. 42 at 332), "in the interest of having the case heard on the merits and since Defendant's [sic] … request for an extension was its first such request and filed prior to, albeit only one day before, the close of non-expert discovery," (*id.* at 332-33), the magistrate judge recommended a two-week extension of the discovery deadline. Despite recognizing plaintiff's "strong opposition to an extension of the discovery deadline," (*id.* at 333), the magistrate judge concluded that plaintiff would not be unduly prejudiced in the prosecution of her case by a two-week extension.

Objecting to this recommendation, plaintiff claims she *will* be unduly prejudiced because, after defendants ignored her timely requests to schedule discovery depositions, she made the decision not to depose defendants' seven witnesses, but rather to simply rely upon their previous testimony during the administrative proceedings. She asserts that she will now be

placed at a disadvantage if defendants are permitted to depose their witness, but she is not able to depose hers. She represents that, if given additional time, she would be willing to subpoena the administrative records and reevaluate whether she needs to depose the seven witnesses.[5]

As far as it goes, the Court finds no error in the recommendation of the magistrate judge for a short extension of the discovery deadline to conduct the limited discovery set forth in the order and recommendation. That said, it is unclear from the record whether plaintiff raised before the magistrate judge her prejudice argument relating to her inability to depose defendants' seven witnesses, an argument that is not entirely without merit.

Accordingly, to the extent plaintiff objects to an extension of discovery, that objection is overruled, subject to the further instructions in the conclusion below.

### III. CONCLUSION

Plaintiff's objections to the order and recommendation of the magistrate judge are overruled, with the caveat that her request for permission to reconsider deposing defendants' seven witnesses be given pretrial attention by the magistrate judge going forward. The Court agrees with the magistrate judge that it is always best to have a complete record so as to decide cases on the merits. That said, extending case management deadlines, even slightly, can have a cascading effect.

Therefore, the Court now vacates all case management deadlines and refers the case to Magistrate Judge Burke for all pretrial supervision, including consideration and resolution of any and all discovery matters (and, in particular, plaintiff's request with respect to defendants' seven witnesses), for resetting of case management deadlines (provided that any

---

[5] Plaintiff represents that she previously attempted to subpoena the records (*see* Doc. No. 23), but was advised by the EEOC that the subpoena did not permit enough time for a response. If discovery is extended, plaintiff seeks leave to reissue her subpoena to the EEOC.

additional continuance is relatively brief), and for a report and recommendation on any dispositive motions. The Court will reschedule a trial date only when the need becomes apparent.

The Court also notes that it strongly disapproves of the personal attacks by counsel for both sides, and further disapproves the multiplicity of frivolous filings by both sides brought on by their lack of cooperation. Finally, the Court advises counsel that gratuitous attacks and frivolous filings will not be tolerated and may, in fact, be sanctioned, in the Court's discretion. Emails and telephone messages between counsel are meant to be timely answered and certainly not ignored. Cooperation is not optional, and unprofessional behavior will not be tolerated.

**IT IS SO ORDERED**.

Dated: August 4, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**