IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14CV2691 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| HICKORY HEALTHCARE INC., *d/b/a* | ) | |
| *Hickory Ridge Nursing and Rehabilitation* | ) | |
| *Center*, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Plaintiff Styla Y. Carter ("Carter") filed this disability discrimination case under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") against her former employer, Defendant Hickory Healthcare, Inc. ("Defendant").[1]  Carter, who suffers from asthma, alleges that Defendant wrongfully terminated her after she refused to perform a task— monitoring smoke breaks for patients residing at Defendant's facility—that Defendant assigned to her despite its awareness of her medical condition.  Defendant filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) arguing that Carter's action is time-barred because she did not file it within the ninety-day limitations period specified in the Right to Sue ("RTS") letter issued to her by the U.S. Equal Employment Opportunity Commission ("EEOC").  Doc. 83.  Plaintiff filed an Opposition (Doc. 103) and Defendant filed a Reply (Doc. 109).  For the reasons explained below, the undersigned recommends that Defendant's Motion be **GRANTED**.

---

[1] Initially, Carter brought this action under the ADA and Ohio Rev. Code § 4112.02 and included a Jane Doe defendant.  Doc. 1.  She filed an Amended Complaint deleting her Ohio claim and dropping Jane Doe.  Doc. 96.

1

## I. Background

The undisputed facts underlying this case are as follows: Cater was terminated on July 9, 2007.  Doc. 1, p. 3, ¶15.  She filed a discrimination charge against Defendant with the Ohio Civil Rights Commission ("OCRC") on July 11, 2007.  Doc. 103-2, p. 1, ¶ 2.  She listed her address as 567 Garry Road, Akron, Ohio.  Doc. 103-2, p. 3.  On July 24, 2007, the OCRC notified Carter *via* letter that her charge was dually filed with the EEOC.  Doc. 103-2, pp. 4-5.

Around December 2007, Carter moved from Garry Road.  Doc. 1-6, p. 1, ¶2.  She notified the OCRC of her address change.  Doc. 103-2, p. 1, ¶4.  She did not notify the EEOC of her address change. Docs. 103, p. 9; 103-4, pp. 2-3.  On or about March 8, 2008, Carter secured representation by attorney Edward Gilbert.[2]  Doc. 103-1, p. 4.  On November 29, 2013, the OCRC issued a final decision concluding that Defendant engaged in discriminatory conduct and awarding back pay to Carter.  Doc. 1, p. 4, ¶23; Doc. 1-8, p. 2.

In late 2013 or early 2014, following the conclusion of the OCRC proceeding, Mr. Gilbert, acting as Carter's attorney, contacted the EEOC and requested a Right to Sue ("RTS") letter.  Doc. 103-1, p. 1, ¶5.  The EEOC's RTS letter indicates that it was mailed to Carter's Garry Road address on February 20, 2014.  Doc. 103-1, p. 10.  On July 8 and November 3, 2014, Carter's attorney again requested an RTS letter from the EEOC.  Doc. 103-1, p. 2, ¶¶ 6, 8.  On November 4, 2014, an EEOC representative emailed Carter's counsel a copy of Carter's RTS letter, stating, "Right to sue was mailed to [Carter] on February 20, 2014.  I'm not sure why Ms. Carter did not give you a copy."  Doc. 103-1, p. 9.

Carter filed her Complaint, along with her RTS letter, in this Court on December 9, 2014.  Doc. 1, Doc. 1-5.  That date is 292 days after the date of her RTS letter but only 35 days after the

---

[2]  Gilbert, who is Carter's attorney in this case, has submitted an Affidavit in which he states that his legal representation of Carter "was on a limited basis from April 4, 2008 to August 2013 because David Oppenheimer, Assistant Attorney General, represented Ms. Carter and the State of Ohio during the [OCRC] administrative hearing proceedings."  Doc. 103-1, p. 1, ¶4.

2

date on which Carter says she first received a copy of her RTS letter from her attorney. Doc. 1-6, p. 1, ¶4. Defendant's Motion for Summary Judgment asserts that Carter's action is time-barred because she did not commence suit within the 90-day period specified by the EEOC in her RTS letter. Doc. 83. Carter filed an opposition brief in which she challenges the authentication of documents relied on by Defendant and Defendant's compliance with the Court's Order regarding excerpting deposition testimony; she also argues that the statutory limitations period should be equitably tolled. Doc. 103. Defendant filed a brief in reply. Doc. 104.

Additionally, Carter filed a Motion to Strike Reply Brief or, in the Alternative, Motion to Permit Plaintiff to file a Sur-Reply. Doc. 105. Defendant filed a response (Doc. 108) and Carter replied (Doc. 109). Defendant filed a Motion to Substitute Exhibits (Doc. 106), which Carter opposed (Doc. 107).

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the moving party has met its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at

3

256; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–248 (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

### III. Analysis

**A. The evidence considered by the undersigned comports with Rule 56(c)**

Carter complains that the documents relied upon by Defendant and attached to its motion brief are not authenticated as required by Fed. R. Civ. P. 56. Doc. 103, p. 5. She requests that these exhibits be stricken from the record. *Id.* The undersigned denies Carter's request as moot because the undersigned did not rely on the documents attached by Defendant to its brief to resolve Defendant's Motion. Rather, the undersigned has relied on documents submitted and authenticated by Carter. *See* Fed. R. Civ. P. 56(c) (the court may consider "other materials in the record"). Moreover, both parties submitted copies of the same documents; Carter's challenge to Defendant's documents, therefore, is purely one of form over substance.

The undersigned also finds that Defendant's failure to excerpt Carter's deposition testimony as required by the Case Management Plan does not undermine the substance of Defendant's position. Furthermore, although Defendant erroneously filed Carter's entire deposition with its Motion, it remedied that failing by filing a Motion to Substitute Exhibit (Doc. 106), wherein it offers an excerpt of Carter's deposition in compliance with the Court's Case Management Plan.

**B. Carter filed her Complaint outside the 90-day limitations period**

A plaintiff seeking redress pursuant to the ADA must file a civil complaint within ninety days after the EEOC gives the plaintiff notice of her right to sue by sending her an RTS letter. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117 (section 2000e-5 applies to ADA claims); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). "[T]he ninety-day limitations term begins running[] on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Id*. A plaintiff who fails to comply with the 90-day filing requirement is foreclosed from pursing her claim. *Id*. at 559.

At the outset of her brief, Carter does not appear to dispute that the EEOC mailed her RTS letter on February 20, 2014, and that she commenced this action more than 95 days thereafter. Rather, Carter notes that a plaintiff who does not file within the 90-day limit may be entitled to equitable tolling and offers reasons why she is entitled to equitable tolling. *See* Doc. 103, pp. 7-11. Later in her brief, however, Carter does contest whether Defendant has established that the EEOC in fact mailed the RTS letter to her, stating, "Defendants have not produced any business records or other physical evidence that the EEOC actually sent the notice of the right to sue. They submitted no affidavits in support of the mailing." Doc. 103, p. 13. However, Carter herself has filled that evidentiary gap. She has submitted an affidavit from her attorney authenticating an email from the EEOC, which confirms that the RTS letter was sent to Carter on February 20, 2014. Doc. 103-1, p. 2, ¶9. Moreover, the burden is on Carter to rebut

the presumption that she did not receive her RTS letter, not on Defendant to prove that it was sent. *Graham-Humphreys*, 209 F.3d at 557.

In sum, Carter does not rebut the presumption that her RTS letter issued and was sent to her former address. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Thus, the disputed issue before the undersigned is whether Carter is entitled to equitable tolling of the limitations period.

### C. Carter is not entitled to equitable tolling

The 90-day filing requirement is not a subject matter jurisdiction bar. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1983). Thus, the doctrine of equitable tolling may be applied in an appropriate case. *Id*. A plaintiff may be entitled to equitably tolling of a limitations period when her "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control." *Graham–Humphreys*, 209 F.3d at 560–561.

In determining whether a plaintiff is entitled to equitable tolling, a court considers the following five factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id*. at 561 (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). A court considers each request for equitable tolling on a case by case basis. *Id*. However, the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001).

Carter's brief cites to the five factors set forth in *Graham-Humphreys* (Doc. 103, p. 7) but does not present arguments tied to each of those factors. However, it appears that Carter's

6

arguments are directed to the third and fifth factors, i.e., plaintiff's diligence in pursuing her rights and plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

### 1. Carter was not diligent in pursuing her rights

As noted above, the third factor to be considered in determining whether the doctrine of equitable tolling should be applied to excuse a plaintiff's untimely filing is whether the plaintiff was diligent in pursuing her rights. Here, Carter was not diligent in her efforts to obtain her RTS letter. Carter's attorney contacted the EEOC "in late 2013 or early 2014" and requested an RTS letter. Doc. 103-1, p. 1, ¶5. On February 20, 2014, the EEOC mailed Carter's RTS letter to her Garry Road address. Doc. 103-1, p. 9. It was not until July 8, 2014, six or more months after asking for the RTS letter, that Carter's attorney followed up with the EEOC to inquire about the RTS letter. He did not follow up again until four months after that, on November 3, 2014. Doc. 103-1, p. 2, ¶¶ 6, 8. On November 4, 2014, an EEOC representative emailed Carter's counsel a copy of Carter's RTS letter; Carter filed her Complaint a month later. Carter does not explain why she waited a total of ten months after her attorney initially requested her RTS letter to follow up with the EEOC and file her Complaint in this Court.

### 2. Carter did not notify the EEOC of her address change and was not reasonable in remaining ignorant of her duty to do so.

Carter responds to Defendant's assertion that she had an affirmative duty to notify the EEOC of her address change by stating that she filed her disability claim with the OCRC and not the EEOC; the OCRC letter informed her that she should notify her OCRC investigator of an address change; she did notify her OCRC investigator of her address change; and she believed that, by notifying the OCRC of her address change, she was also notifying the EEOC. Doc. 103, pp. 8-9. Carter's response appears either to be an effort to contest that she had a duty to inform the EEOC of her address change or an argument that she satisfies factor (5) of the equitable

7

tolling analysis set forth in *Graham-Humphreys* because she was reasonable in remaining ignorant of that duty. Neither argument has merit.

Carter had an "affirmative duty [] to notify the EEOC of any change in mailing address." *Hunter v. Stephenson Roofing, Inc*., 790 F.2d 472, 474-475 (6th Cir. 1986); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326-327 (6th Cir. 1988).³ Moreover, "providing notice of a change in address to the OCRC does not constitute notice to the EEOC." *Mayes v. Univ. of Toledo*, 2015 WL 521111, at *4 (N.D.Ohio Feb. 9, 2015) (citing *Ball v. Abbott Adver., Inc*., 864 F.2d 419, 421 (6th Cir. 1988) ("If Ms. Ball told the state agency of her move, that did not constitute notice of the EEOC; she ought to have given her new address to the latter agency as well.")).

Carter does not dispute that she knew she had an EEOC charge pending but contends that she thought she did not have to notify the EEOC of her address change because she notified the OCRC. Her mistaken belief that she did not have to notify the EEOC of her address change was not reasonable and does not entitle her to equitable tolling. *See Mayes*, 2015 WL 521111, at *4 (plaintiff who notified the OCRC but not the EEOC of her address change not entitled to equitable tolling). Carter was represented by counsel beginning in March 2008 and, therefore, is "presumed to know the filing and legal requirements" regarding her EEOC claim. *Taylor v. Colo. State Univ*., 2012 WL 5077671, at *7 (W.D.Ky. Oct. 18, 2012). Although Carter's attorney's representation was limited before the OCRC issued its opinion in November 2013, it was not limited thereafter. Carter's counsel showed that he was aware that an RTS letter should be forthcoming from the EEOC after the conclusion of the OCRC proceeding when he contacted the EEOC in late 2013 or early 2014 to ask for an RTS letter.

---

³ *See also* 29 C.F.R. § 1601.7(b) ("The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.").

8

Carter argues that the cases cited by Defendant—*Mayes*, *Hunter*, *Graham-Humphreys*, and *Pearison v. Pinerton's, Inc.*, 90 Fed. App'x 811, 813 (6th Cir. 2004)—are distinguishable because the plaintiffs in those cases either filed charges with both the state agency and the EEOC or only with the EEOC, whereas Carter filed her charge only with the state agency (the OCRC), which later became a dual filing with the EEOC.  Doc. 103, pp. 14-15.  However, Carter does not dispute that she knew her OCRC charge was dually filed with the EEOC.  Moreover, Carter's attempt to distinguish *Pearison* is misguided because the plaintiff in *Pearison*, like Carter, did not file a charge with the EEOC.  In *Pearison*, the plaintiff filed a charge of race discrimination only with the state agency, the Tennessee Human Rights Commission ("THRC") in which he listed his then current address.  *Pearison v. Pinkerton's, Inc.*, 2003 WL 21212651, at *1, 3 (E.D.Tenn. April 9, 2003).  He moved one year later and notified the THRC of his address change.  *Id*. at *3.  He also filled out a change of address form with the United States Postal Service so that his mail would be forwarded to his new address.  *Id*.  Like Carter, he did not notify the EEOC of his change of address.  *Id*.  He terminated his THRC proceedings and the EEOC sent his RTS letter to his old address, the forwarding instruction having expired.  *Id*.  The court held that, based on these facts, Pearison was not entitled to equitable tolling.  *Id*. at *7.  The court reasoned that he did not receive his RTS letter "due to his own neglect and lack of diligence in failing to provide the change of address to the EEOC."  *Id*. (citing *Banks*, 855 F.2d at 326-327 and *Hunter*, 790 F.2d at 475).  On appeal, the Sixth Circuit affirmed, stating, "no equitable tolling appears to be applicable in this case.  The reason Pearison did not actually receive the RTS letter by mail was due to his own neglect and lack of diligence in failing to provide the change of address to the EEOC."  *Pearison*, 90 Fed. App'x at 813 (citations omitted).  Carter's attempt to distinguish *Pearison*, therefore, is not persuasive.

9

Carter also argues that she is entitled to equitable tolling because the EEOC failed to mail her RTS letter to her attorney. Doc. 103, p. 11.  That argument has been rejected by the Sixth Circuit.  See *Ball*, 864 F.2d at 421 ("This circuit [] has flatly rejected the argument that a failure by the EEOC to copy counsel on a right-to-sue letter prevents the ninety-day period from running[,]" citing *Banks*, 855 F.2d at 326).

### 3. Carter was not tricked or intentionally misled

Carter's assertion that she was "misled" by the OCRC (Doc. 103, p. 11) is also without merit.  In support of her argument she cites two cases: *EEOC v. Dillard's Dep't Stores, Inc.*, 768 F.Supp. 1247, 1252 (W.D.Tenn.1991), and *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 669 (D. Kan. 1991).  Both cases are distinguishable.  In *Dillard's Dept. Stores*, the court, citing cases from the Tenth Circuit, stated, "Equitable tolling is appropriate in cases of active deception such as where a claimant has been lulled into inaction by her past employer, state or federal agencies, or the courts" or when a plaintiff is "actively misled or has been prevented from asserting his or her rights in an extraordinary way."  768 F.Supp. at 1252 (quoting *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) and *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982) (internal quotation marks omitted)).  The court found that standard was not met when, in the context of a question as to the timeliness of the plaintiff's filing of his EEOC charge, the plaintiff stated that he was relying on the EEOC to tell him "anything else I needed to do about my complaint and when to do it."  *Id*. at 1252-1253.  Thus, while *Dillard's* does indicate that active deception may warrant application of equitable tolling, it held that active deception did not occur in circumstances similar to those in this case.

In *Wagher*, the plaintiff did not receive her RTS letter because it had been sent to her former address.  765 F.Supp. at 669.  An EEOC representative told the plaintiff's attorney that the 90-day time period to file a complaint in court did not begin to run until the plaintiff actually

received her letter. *Id*. The court, relying on Tenth Circuit case law, found that the plaintiff was entitled to equitable tolling because the EEOC representative gave her attorney the wrong information. *Id*. at 670. The court discussed the Sixth Circuit's contrary ruling in *Banks*, but noted that *Banks* and the cases cited therein did not involve the EEOC imparting incorrect information to the plaintiff. *Id*. *Wagher* is distinguishable from this case because Carter does not allege that the EEOC gave her or her attorney wrong information. Moreover, the *Wagher* case was decided within the Tenth Circuit, not the Sixth Circuit, and relied on Tenth Circuit case law. Lastly, upon reconsideration, the district court in *Wagher* held that the plaintiff was <u>not</u> entitled to equitable tolling because she was represented by counsel and, therefore, both she and her counsel may not "justifiably rely on any representation of the EEOC which contradicts or is inconsistent with that knowledge [of the filing period]." 768 F.Supp. 321, 326 (D.Kan. 1991) (discussing Tenth Circuit cases applying equitable tolling when the claimant was not represented by an attorney and the EEOC misled the claimant as to the filing period).

In *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990), the United States Supreme Court observed, with respect to the limitations period within which to file a complaint after an RTS letter has been sent by the EEOC,

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,[] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.[] We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

*Id*. In the Sixth Circuit, "[e]quitable tolling applies where the employee has been intentionally misled or tricked into missing the filing deadline." *Garrison v. Warren Corr. Inst.*, 187 F.3d 635, at *2 (6th Cir. 1999) (table), citing *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1988).

11

Carter does not demonstrate that she was tricked or intentionally misled into missing her filing deadline.

> Carter argues,
>
> The July 24, 2007 letter from the OCRC to Carter stated "It is of utmost importance that you immediately inform your investigator of any change in your address or telephone number. Your rights and/or benefits may be jeopardized by your failure to keep your investigator informed.["] The attached EEOC Dual Filing Notice stated "The attached charge will be investigated by either the OCRC or the EEOC. When one agency completes its investigation, it will share the information it has gathered with the other agency. When the case is resolved, it will be considered closed with both the EEOC and the OCRC and you will be notified of the actions taken. The EEOC may be contacted at the following address:…" Carter was actively misled by the OCRC. She was instructed to only notify her investigator of her change of address (which she did promptly upon moving). The EEOC never investigated her charge of discrimination; therefore, she had no contact with the EEOC. She was specifically told that the OCRC would share the information it gathered with the EEOC. Carter had no reason to believe that the OCRC would not share her change of address with the EEOC.

Doc. 103, p. 12 (citations omitted, emphasis removed). Contrary to this argument, the OCRC letter did not instruct Carter to notify "only" her OCRC investigator of an address change. Second, the dual filing notice included an address and phone number for the EEOC.[4] Doc. 103-2, p. 5. Third, although Carter states that the letter left her with "no reason to believe that the OCRC would not share her change of address with the EEOC" (Doc. 103, p. 12), "[i]t is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct." *Ball*, 864 F.2d at 421. Fourth, it cannot be said that the letter amounted to "active misleading" on the part of the OCRC. *C.f. Wagher*, 765 F.Supp. at 670 (plaintiff's attorney was actively misled when an EEOC representative told him incorrect information about when the 90-day period began); *but see Johnson v. Forman Mills, Inc.*, 2014 WL 1207867, at * 3 (E.D.Mich. March 24, 2014) (plaintiff not entitled to equitable tolling; "[t]hat the EEOC erroneously told her that she would

---

[4] Carter asserts, "the letter she received from the OCRC . . . only mentioned to contact the EEOC if she had questions." Doc. 103, p. 16. This is incorrect since the OCRC letter did not contain a limitation on the reasons Carter could contact the EEOC. *See* Doc. 103-2, 103-4 (Carter's Right to Sue letter; Carter's Dual Filing Notice).

have the benefit of a new 90–day period is irrelevant."). Simply put, Carter negligently failed to notify the EEOC of her address change; she was not intentionally misled or tricked. *Garrison, 187 F.3d 635*, at *2.

### IV. Conclusion

For the reasons explained above, the undersigned finds that Carter's Complaint was filed outside the limitations period and she is not entitled to equitable tolling. Carter has not shown that her failure to timely file her Complaint in this Court "unavoidably arose from circumstances beyond [her] control;" she had actual or constructive notice of the filing requirement; she was not diligent in pursuing her rights; and she was not reasonable in remaining ignorant of the legal requirements. *See Graham–Humphreys*, 209 F.3d at 561. Because she filed her Complaint beyond the 90-day limitations period prescribed by 42 U.S.C. § 2000e–5(f)(1), her Complaint is untimely and should be dismissed. Accordingly, Defendant's Motion for Summary Judgment (Doc. 83) should be **GRANTED**. Additionally, Carter's Motion to Strike Defendant's Reply Brief or, in the Alternative, Motion to Permit Plaintiff to File a Sur-Reply (Doc. 105) is **DENIED**. Defendant's Motion to Substitute (Doc. 106) is **GRANTED**. Carter is reminded that her response to Defendant's pending Rule 11 Motion (Doc. 90) is due within fourteen (14) days of the date of this Order (*see* Order, 10/16/2015).

Dated: November 18, 2015

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).