# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14-cv-2691 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HICKORY HEALTHCARE INC., et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation (Doc. No. 110 ["R&R"]) of the magistrate judge, recommending that the defendants' motion for summary judgment (Doc. No. 83) be granted and the above-captioned case be dismissed as time-barred.

Also pending is defendants' motion for an order finding that plaintiff's counsel violated Fed. R. Civ. P. 11(b). (Doc. No. 90 ["Rule 11 Motion"].) Given the procedural posture of this case, the Court hereby withdraws the reference to the magistrate judge and will itself resolve the Rule 11 Motion.

## THE MERITS

Following the filing of the R&R, plaintiff timely filed a notice (Doc. No. 111) indicating that she will not be contesting the R&R nor the journalization of its recommended ruling, i.e., dismissal of the case as time-barred. By doing so, plaintiff has expressly withdrawn all rights to appeal the dismissal.

The Court has independently examined defendants' motion for summary judgment (Doc. No. 83), plaintiff's opposition brief (Doc. No. 103), and defendants' reply (Doc.

No. 104), in light of both the complaint (Doc. No. 1) and the first amended complaint (Doc. No. 96).[1] The Court concludes that the R&R's recommendation to dismiss the case as time-barred is correct and a separate judgment to that effect will be entered.

## DEFENDANTS' RULE 11 MOTION

On October 5, 2015, after filing their motion for summary judgment on September 22, 2015, defendants filed their Rule 11 Motion seeking an order that, by filing the complaint and pursuing this action, plaintiff's counsel violated Rule 11(b). Subsequently, plaintiff sought an extension of time to respond to the Rule 11 Motion, asserting that it raised the same argument as was raised in the dispositive motion. By non-document order dated October 16, 2015, the magistrate judge granted plaintiff leave until 14 days after issuance of the R&R to respond to the Rule 11 Motion. This Court hereby vacates the non-document order directing a response to defendants' motion and, as explained below, denies the Rule 11 Motion as moot.

Rule 11(c)(2) is very explicit in requiring a two-step process. First, "[t]he motion [for sanctions] must be served under Rule 5[.]" But Rule 11(c)(2) is clear that such motion "must not be filed or be presented to the court … [until] 21 days after service or within another time the court sets." This 21-day "safe harbor" period is intended to allow time for "the challenged paper, claim, defense, contention, or denial [to be] withdrawn or appropriately corrected[.]" If that withdrawal or correction does not occur, then, *and only then*, may the Rule 11 motion be filed.

---

[1] The magistrate judge correctly ordered that granting plaintiff leave to file an amended complaint after the motion for summary judgment was filed would not render the dispositive motion moot. (*See* Order, Doc. No. 92.)

2

This two-step procedure is clearly acknowledged and affirmed in *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (2014), where the court held that "[f]ailure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion."

Here, defendants' counsel has misapplied both the Rule and *Penn*, as is evident from his motion filed on October 16, 2015, wherein he asserts that the extension of time "potentially upends the Sixth Circuit's procedure for handling Rule 11 motions set forth in *Penn* …." (Doc. No. 99 ["Alternative Motion"] at 1364.[2]) The Alternative Motion seeks clarification that the magistrate judge's grant of an extension "does not affect Plaintiff's counsel's responsibilities under Rule 11." (*Id.*)

It is defendants' counsel who has "upended" the procedure. In the Alternative Motion, counsel states: "In accordance with *Penn, LLC*, Defendant [sic] filed its motion for the express purpose of placing Plaintiff's counsel on notice, affording him the time required by Rule 11." (Alternative Motion at 1365.) Defendants' counsel erroneously fails to distinguish between "serving" and "filing," an important distinction in Rule 11 – the very distinction that provides the safe harbor. The "notice" is to be provided by *service* of the motion, which may not be *filed* until the passage of 21 days, and then only if correction is not voluntarily achieved by that time. Further support of the Court's conclusion that the Rule 11 Motion was *not* served in advance of its filing is the motion's certificate of service, which states that "Defendant's [sic] Motion for an Order Finding Plaintiff's Counsel Violated Rule 11(b) was *filed* on October 5, 2015 through the Court's electronic filing system, achieving *service* on all parties of record." (Rule 11 Motion at 1316, emphases added.)

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

The Court concludes that under *Penn*, which defendants' counsel urges the Court to apply, since "the mandatory procedures of Rule 11[]" were not followed, *Penn*, 773 F.3d at 769, "sanctions [are] unavailable." *Id.* at 765.

That said, the Court has already adopted the R&R's recommendation to dismiss this case as time-barred. Therefore, defendants have achieved what they sought in their motion for summary judgment *and* in the Rule 11 Motion. Therefore, the Court **denies** the Rule 11 motion as moot.

**IT IS SO ORDERED**.

Dated: November 23, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**