UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14-cv-2691 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HICKORY HEALTHCARE INC., et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendants' motion for an award of attorney fees and costs. (Doc. No. 114, as supported by Doc. No. 117.) Plaintiff has filed her opposition (Doc. No. 115) and defendants have filed a reply (Doc. No. 116). For the reasons set forth herein, the motion is granted in part.

**I. BACKGROUND**

Plaintiff filed her complaint on December 9, 2014, asserting a violation of the Americans with Disabilities Act ("ADA"). (Doc. No. 1.) The complaint was accompanied by an affidavit of plaintiff attesting as follows:

1. I'm the Plaintiff in the action caption [sic] Styla Carter v. Hickory Ridge Nursing and Rehabilitation, et al.

2. I further state that I lived at 567 Garry Road, Akron, Ohio 44308 from approximately September 1, 2005 to December 1, 2007.

3. I further state that on February 20, 2014 my address was 1374 Curtis Street Akron, Ohio 44301.

4. I further state that I have received the Right to Sue Letter dated February 20, 2014 on **November 4, 2014** through my attorney's office.

     5.     I state that I am filling [sic] this lawsuit within 90 days from receipt.

(Doc. No. 1-6 ¶ 4, bolding in original.) Defendants filed their answer on January 13, 2015, having been previously granted an extension of time. (Doc. Nos. 5, 6.)[1] Therein, they alleged a statute of limitations defense. Defendants did not file a motion to dismiss under Fed. R. Civ. P. 12.

The Case Management Conference ("CMC") was conducted on February 19, 2015. The Court set various case management deadlines, notably, a non-expert discovery cut-off of July 1, 2015, the deadline that had been jointly proposed by counsel. (*See* Doc. No. 10; *see also* Doc. No. 9.)

During the CMC, as reflected by the minutes, defendants raised "a potential jurisdictional problem." (2/19/15 Minutes of Proceedings.) The Court urged the parties to engage in good faith efforts to resolve the case and, to that end, directed plaintiff to make a written demand. According to a status report filed by plaintiff on April 8, 2015, defendant made a counter-offer to plaintiff's timely demand, which plaintiff rejected. (*See* Doc. No. 12.)

On April 21, 2015, the parties jointly requested a referral to the magistrate judge for mediation, which this Court granted. An unsuccessful mediation was conducted on June 18, 2015. (Doc. Nos. 21, 22.)

Only after mediation did discovery proceed in earnest, prompting a motion for an extension of the July 1st discovery cut-off (Doc. No. 27), as well as a motion to quash certain deposition notices (Doc. No. 26). These motions were referred to the magistrate judge. Various proceedings relating to discovery ensued. Generally speaking, it would not be an exaggeration to

---

[1] Inexplicably, two identical answers were filed. The answer was subsequently amended. (Doc. No. 11.)

state that both sides persisted in opposing any action of the other side.[2] These proceedings, in turn, led to yet more proceedings, including a motion for protective order (Doc. No. 59), a motion for reconsideration (Doc. No. 61), a motion for additional extensions of time (Doc. No. 58), a motion to amend the complaint (Doc. No. 73), and a motion for additional discovery (Doc. No. 82), to name a few.

Eventually, defendants filed a motion for summary judgment. While briefing on that motion occurred, yet another round of discovery-related motions were filed. Ultimately, the assigned magistrate judge issued a Report and Recommendation ("R&R") that summary judgment should be granted to defendants because plaintiff's claims were time-barred and there was no basis for equitable tolling. (Doc. No. 110.) The very next day, plaintiff explicitly abandoned any right to challenge the R&R. (Doc. No. 111.) The case was thereupon dismissed as time-barred and defendants' then-pending motion for Rule 11 sanctions was denied due to failure to comply with the strict safe-harbor provisions of the rule. (*See* Doc. Nos. 112, 113.)

Two weeks after the judgment entry, defendants filed the instant motion for attorney fees and costs.

## II. DISCUSSION

Defendants maintain entitlement to attorney fees and costs under Fed. R. Civ. P. 11 and 54, 28 U.S.C. § 1927, and 42 U.S.C. §§ 2000e-5(k) and 12205, based on their assertion that plaintiff's counsel "knew or should have known that her action was time-barred *before* she filed suit." (Motion at 1470[3].) Defendants claim that plaintiff's counsel's "vexatious litigation tactics"

---

[2] Examples would be an objection to a 45-day status report, which was then followed by an "objection to objection" (*see* Doc. Nos. 32, 33), and even a motion to strike another 45-day status report (Doc. No. 36). This despite the fact that the Court had ordered *joint* 45-day reports.

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

compelled defendants "to pay significant and otherwise unnecessary legal fees and related costs." (*Id.*) Defendants seek an award of attorney fees that "range between $60,000 - $90,000" (Motion at 1484), depending on how much is generated in fees relating to briefing this motion, and offer to "provide to the Court all records it requires to calculate the actual amount owed[.]" (*Id.*) Defendants also seek $1,518.67 in itemized costs. (*See* Doc. No. 117.)

In opposition, plaintiff argues that defendants have already failed to obtain fees under Rule 11, that she and her attorney held a reasonable belief that the 90-day limitations period for filing an action under the ADA would be equitably tolled, and that it was defendants' counsel, not plaintiff's, who engaged in vexatious litigation strategies that multiplied the proceedings. As noted by plaintiff, the Court has already rejected a claim for Rule 11 sanctions and declines to reconsider under that rule. (*See* Doc. No. 112.)[4]

The statutory sections of Title 42 that are cited by defendants allow the Court, in its discretion, to award attorney fees to a "prevailing party." Although the Court's dismissal of the case as time-barred resulted in the defendants' achievement of what they had sought by way of their dispositive motion, this is not the equivalent of being the prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (the term "prevailing party" does not include a party that has failed to secure a judgment on the merits or a court-ordered consent decree, even if the party has ultimately achieved a desired result). Thus Title 42 does not support a claim for attorney fees under these facts and the Court need not further address the parties' opposing arguments.

---

[4] The Court denied defendants' earlier motion for Rule 11 sanctions due to their failure to comply with the rule's mandatory safe-harbor provisions that are designed to afford time to correct any challenged, supposedly sanctionable, conduct. (*See* Doc. No. 112, at 1466-68, describing the rule's process of *serving* the motion but not *filing* it until 21 days later, and then only if the challenged conduct has not been cured.) This conclusion will not be revisited.

The final basis asserted by defendants for an award of fees and costs is 28 U.S.C. § 1927, which provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"The purpose of § 1927 is 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Graves v. Standard Ins. Co.*, No. 3:14-CV-558-DJH, 2016 WL 3512032, at *8 (W.D. Ky. June 16, 2016) (quoting *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) (additional citations omitted)). "Sanctions under the statute do not require a showing of subjective bad faith, per se, but do require something more than negligence or incompetence." *Id*. (citing *Royal Oak Entm't, L.L.C. v. City of Royal Oak*, 316 F. App'x 482, 487 (6th Cir. 2009); *Scott v. Sanders*, 789 F. Supp. 2d 773, 775-76 (E.D. Ky. 2011) ("An attorney is sanctionable where, as this court has found here, 'he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings.'") (citing *Royal Oak*, *supra*)). Courts in this circuit have acknowledged that "[p]unishment under the statute is sparingly applied[.]" *Shields v. Nat'l Auto. Sprinkler Ind. Welfare Fund*, No. 3:08-CV-0285-H, 2009 WL 3231380 at *2 (W.D. Ky. Sept. 30, 2009); *Pierzynowski v. Police Dep't of City of Detroit*, 947 F. Supp. 1147, 1151 (E.D. Mich. 1996) (both citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)).

Defendants' argument here is quite simply that plaintiff's counsel, who is very experienced in civil rights litigation, knew full well from the beginning (or should have known) that his client's case was time-barred; yet he brought it anyway and proceeded even in the face of defendants' counsel's pointing out to him that there was no basis under Sixth Circuit case law for his belief that equitable tolling would apply.

Defendants note that, during the mediation on June 18, 2015, their counsel identified case law showing that plaintiff's claim was time-barred, a position rejected by plaintiff's counsel. Then, in an offer of judgment letter sent on September 15, 2015, defendants' counsel identified the cases of *Pearison v. Pinkerton's, Inc.*, 90 F. App'x 811 (6th Cir. 2004) and *Mayes v. University of Toledo*, No. 3:14-cv-01556, 2015 WL 521111 (N.D. Ohio Feb. 9, 2015), as authority for their belief that plaintiff's case was time-barred. But plaintiff's counsel again "disputed the case law" and "remained steadfast" in his belief that equitable tolling applied. (Motion at 1472.)

In making the determination that plaintiff's case was time-barred and not eligible for equitable tolling, the R&R also relied on *Pearison* and *Mayes*.[5] This Court agrees with that analysis and has already adopted it and dismissed the case, with no objection or appeal from plaintiff.

But the current motion for sanctions requires a slightly different analysis. In order to impose a *sanction* of attorneys fees and costs upon plaintiff's counsel for his course of action in filing and pursuing a time-barred case, the Court must decide whether counsel's actions "multiplie[d] the proceedings vexatiously and unreasonably" resulting in "excess costs, expenses and attorneys fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. It is not enough to show that plaintiff's counsel was ultimately incorrect in his legal assessment that equitable tolling applied.

---

[5] The R&R outlined the five factors to consider when determining whether a plaintiff is entitled to equitable tolling: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." (R&R at 1485 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (further citation omitted)).) Plaintiff unsuccessfully directed her arguments only to the third and fifth factors.

6

"Asserting a clearly time-barred claim has been held sufficient to justify the imposition of sanctions under Section 1927, particularly where the untimeliness has been laid bare to the plaintiff." *Henke v. Allina Health Sys.*, 698 F. Supp. 2d 1115, 1127-28 (D. Minn. 2010) (citing *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752-54 (7th Cir. 1988); *Williams v. White Castle Sys., Inc.*, 526 F. Supp. 2d 830, 834 (M.D. Tenn. 2007); *Boykin v. Bloomsburg Univ. of Pa.*, 905 F. Supp 1335, 1347 (M.D. Pa. 1995)). Here, as in *Henke*, "the inescapable conclusion is that … counsel knew full well that the … claims were time-barred, yet persisted in pressing them." *Id.* at 1128.

The court in *Henke* nonetheless exercised its discretion to deny an award of fees under § 1927 because the claims were dismissed "early in the case, likely before either party endeavored to obtain related discovery." *Id.* Although the instant case was dismissed about two weeks shy of one year from the date the complaint was filed, there was a multiplicity of proceedings in that one-year's time. Admittedly, not all was the result of plaintiff's counsel's behavior; defendant's counsel also substantially contributed to excess filings with their attendant costs, expenses, and attorney fees. But, if plaintiff's counsel had conceded that the case was time-barred at the time of mediation (when little discovery had yet occurred), the outcome here might be different. That did not happen, causing the Court to lean toward granting an award.

Another reason for the court's denial of an award in *Henke* was that the time-barred claims were "but one piece" of the defendant's motion to dismiss, making any multiplication of the proceedings minimal. Here, by contrast, the two claims asserted by the complaint (one federal discrimination claim and one state discrimination claim) were the sum total of the lawsuit. Because plaintiff rejected defendants' June 2015 mediation position that both claims were time-barred, proceedings necessarily continued, including extension of discovery (at least

partly due to defendants' almost complete failure to have engaged in timely discovery prior to the mediation despite the looming discovery deadline), and ultimately the filing of a motion for summary judgment. Again this weighs in favor of granting an award.

In *Williams v. White Castle Sys., Inc.*, *supra*, an opinion from another district court within the Sixth Circuit that defendants rely upon for the proposition that they should be entitled to recover their fees "dating back to the filing of the offending complaint[,]" (Motion at 1478), the court adopted a magistrate judge's recommendation, over plaintiff's objections, to award § 1927 attorneys fees.[6] Although the magistrate judge did go back to the beginning of the case, the fees awarded were for particular "excess" procedures that the magistrate judge carefully delineated.

Although an award of sanctions under § 1927 would be unwarranted *merely* for being unsuccessful in advancing an arguably meritorious claim, that was not the case here. Plaintiff's counsel places stock in the fact that plaintiff had been told to provide any change of address to her assigned investigator at the OCRC and that when one or the other of the two agencies had completed its investigation of her claim, it would "share the information it has gathered with the other agency." (*See* Opp'n at 1498-99.) Although those facts *might* support a claim that plaintiff herself simply misunderstood the process and thought she was complying with its requirements, nothing in the record explains the delays *after* plaintiff's present counsel stepped into the case and made a request for a right to sue letter.

To support the factual assertions in his opposition to the instant motion, plaintiff's counsel relies upon his affidavit submitted with the brief in opposition to defendants' motion for summary judgment. (*See* Doc. No. 103-1.) Counsel claims that, in late 2013 or early 2014, he

---

[6] Notably, the court in *Williams* also denied the defendant's request for Rule 11 sanctions, finding it "unnecessary" to discuss defendant's arguments because it had "failed to show it complied with the basic prerequisite for filing a Rule 11 Motion[,]" that is, the safe-harbor provision. *Williams*, 526 F. Supp. 2d at 838. As already noted, the same is true here.

contacted the EEOC and requested a right to sue letter be sent to his office. (*Id.* at 1499.) His next contact was by letter dated July 8, 2014, wherein he again requested the letter. He claims that, on August 11, 2014, his client phoned to say she had not received any letter. Yet he made no further inquiry of the EEOC until November 3, 2014. On November 4, 2014, the EEOC emailed him a copy of the February 20, 2014 right to sue letter that had been mailed to plaintiff, as it turned out, at her former address due to the fact that the EEOC had not been advised of her change of address. Plaintiff's counsel then filed the present lawsuit on December 9, 2014, thirty-five (35) days later.

At the time plaintiff's counsel originally sought a right to sue letter, the case law was clear that equitable tolling of the 90-day period for filing a claim in federal court following issuance of a right to sue letter would not be tolled due to the letter having been mailed to the wrong address because it is a plaintiff's responsibility to be sure her address of record with both the OCRC and the EEOC are correct. Moreover, in this case, the attorney himself requested a right to sue letter and he should have been vigilant in tracking its receipt since, as an experienced civil rights lawyer, he would have known of the strict 90-day window for filing the lawsuit. Instead of inquiring *before* the 90 days would have expired had the EEOC in fact responded immediately to his first request, he waited until July 2014, taking the inexplicable risk that his client's case would be time-barred which, as it turned out, happened. And yet, he filed the lawsuit and pursued it all the way through summary judgment despite having been advised *at least* twice that case law confirmed the bar of untimeliness.

### III. CONCLUSION

For the reasons set forth herein, defendants' motion for an award of attorney fees and costs (Doc. No. 114) is denied in part and granted in part. To the extent it seeks relief under Fed. R. Civ. P. 11 and 54 and under the civil rights statutes, the motion is **denied**. To the extent the motion seeks an award of attorney fees and costs under 28 U.S.C. § 1927, it is **granted**. Within two (2) weeks of the date of this order, defendants shall submit a brief in support of the amount of the award for the Court's consideration. Plaintiff's counsel shall have two (2) weeks to respond. No reply will be permitted. The Court will thereafter take the matter of the amount of the award under advisement.

**IT IS SO ORDERED**.

Dated: July 29, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**