UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14-cv-2691 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HICKORY HEALTHCARE INC., et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for reconsideration (Doc. No. 121, Sealed ["Mot."]) of the Memorandum Opinion and Order dated July 29, 2016 (Doc No. 118 ["MOO"]) that granted in part defendants' motion for attorney fees and costs. Defendants filed their opposition (Doc. No. 122, Sealed ["Opp'n"]) and plaintiff filed a reply (Doc. No. 123, Sealed ["Reply"]). For the reasons set forth herein, reconsideration is granted, but, upon such reconsideration, the original MOO stands.

## I. BACKGROUND

On July 29, 2016, the Court granted in part defendants' motion for an award of attorney fees and costs, and set up a briefing schedule for determination of the amount.[1] Although restating its earlier rejection of Fed. R. Civ. P. 11 as a basis for fees and costs (*see* Doc. No. 112 at 1466-68),[2] and although further rejecting Title 42 as another basis, the Court granted fees and costs under 28 U.S.C. § 1927, which provides that "[a]ny attorney … who so multiplies the

---

[1] That briefing schedule has been suspended pending resolution of the motion for reconsideration. (*See* Doc. No. 120.)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Plaintiff[3] now challenges this determination, pointing to counsel's lack of a sufficiently culpable state of mind and to his belief that the case had settled during mediation.

## II. DISCUSSION

A brief review of the factual background will be helpful. Plaintiff's complaint alleging a violation of the Americans with Disabilities Act was filed on December 9, 2014. The right to sue letter ("RTS") was dated February 20, 2014, and there appears to be no dispute that it was not actually received until November 4, 2014.

The significant time lag was caused by plaintiff's failure to advise the EEOC of her new address. In reliance upon a theory of equitable tolling of the 90-day period for filing a complaint following the RTS letter, plaintiff's counsel asserted that he had contacted the EEOC in late 2013 or early 2014 asking for the RTS letter. Although it was sent on February 20, 2014, it was not received because it was sent to plaintiff's former address, the only address of record. By letter dated July 8, 2014, counsel made another request for the RTS letter. As of August 11, 2014, plaintiff advised her counsel that she had not received the letter. Even so, counsel made no further inquiry until November 3, 2014, and was thereafter sent a copy of the RTS letter that had been mailed to plaintiff's former address on February 20, 2014.

Plaintiff claimed she provided an updated address to the OCRC and assumed that entity would advise the EEOC of the change. This Court concluded that, even taking that as true,

---

[3] The MOO determined that the award of attorney fees and costs, once the amount was determined, would be levied against plaintiff's *counsel*. Although the motion and this opinion speak in terms of "plaintiff," not "plaintiff's counsel," that is merely for the sake of brevity. Any award remains plaintiff's counsel's obligation.

"nothing in the record explains the delays *after* plaintiff's present counsel stepped into the case and made a request for a right to sue letter." (MOO at 1530, emphasis in original.)[4] In light of case law stating that equitable tolling does not apply if the RTS letter was not received due to plaintiff's failure to update her address, and due to the fact that the record showed plaintiff's *counsel's* lack of vigilance after his initial request for the letter, the Court concluded that sanctions under § 1927 were warranted for unreasonably and vexatiously multiplying the proceedings by filing a clearly time-barred action and, more importantly, by failing to abandon the claim even after the bar was pointed out to counsel during mediation, resulting in full dispositive motion practice, followed by summary dismissal.

Plaintiff first argues that the imposition of sanctions under § 1927 "contravenes the remedial purposes of our civil rights laws." (Mot. at 1537.) Plaintiff asserts that, typically, only a "prevailing party" is awarded fees and costs and that it is rare for a defendant to recover, even a *prevailing* defendant. Plaintiff argues that defendants are not prevailing parties and should not recover absent action by plaintiff that was "frivolous, unreasonable, or without foundation." (Mot. at 1537-38, n.1, comparing *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 88 S. Ct. 964, 10 L. Ed. 2d 1263 (1968) and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).)[5]

This argument ignores the fact that the Court, in denying defendants' motion in part, determined that "Title 42 does not support a claim for attorney fees" precisely because defendants had not secured a judgment on the merits or entered into a court-ordered consent decree and, therefore, were not "prevailing" parties. (MOO at 1526, citing *Buckhannon Bd. &*

---

[4] Present counsel did not represent plaintiff during the administrative proceedings.

[5] The two cases cited by plaintiff were brought under Title 42, and they add nothing to an analysis under § 1927.

3

*Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).)

Nor is plaintiff's argument to any avail that counsel "did not intentionally pursue a meritless claim, abuse the judicial process, engage in vexatious litigation, or otherwise act in bad faith." (Mot. at 1538.) This is a mere reassertion of arguments already made and rejected. "Motions for reconsideration require more that the simple rehashing of previously rejected arguments and facts." *Sunarto v. Mukasey*, 306 F. App'x 957, 961 (6th Cir. 2009) (citations omitted).

Plaintiff argues without citation to any case law that, because the Court imposed sanctions, it necessarily called into question counsel's credibility with respect to his assertion that he pursued the case in good faith, and that, without a prior evidentiary hearing, his due process rights were thereby violated.[6] But due process is not implicated where, as here, plaintiff and counsel both were clearly on notice, by way of defendants' motion, as to the basis for a possible award of fees and costs, and had ample opportunity to be heard by way of their opposition brief. *See, e.g.*, *Cook v. American S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998) (due process was not violated where counsel "was given specific notice of the sanctioning authority

---

[6] Plaintiff's counsel also sought an evidentiary hearing on the motion for reconsideration, arguing that, in their opposition to the motion, defendants had stated that "'there is evidence casting doubt on Mr. Gilbert's credibility.'" (Doc. No. 124 at 1639, quoting Doc. No. 122 at 1614, n.3 (internal citation omitted).) The Court scheduled a hearing but, after reviewing the briefing on the motion for reconsideration, decided that no hearing was necessary. When plaintiff sought a continuance of the hearing for good cause (*see* Doc. No. 128), the Court simply canceled the hearing.

The Court acknowledges that the statement about Mr. Gilbert's credibility was indeed made in the opposition brief. This was a gratuitous and uncalled-for statement by defendants' counsel, and the Court strongly admonishes counsel for this unprofessional behavior. This Court views all counsel as officers of the Court and trusts that they take this responsibility seriously. The Court has no reason to disbelieve any factual assertion made by counsel, including Mr. Gilbert, and has not done so in this order or in the MOO. Rather, the Court's conclusion that fees and costs are warranted under § 1927 is based on the fact that the record clearly supports a legal conclusion that the case was time-barred from the start and, even taking as true plaintiff's counsel's assertion that he believed otherwise when he filed the case, that the untimeliness became abundantly clear as the case proceeded and as convincing case law was supplied to refute counsel's erroneous belief.

being considered and the conduct alleged to be sanctionable, as well as an opportunity to be heard") (internal quotation marks and citation omitted).

Plaintiff also argues that this Court relied upon an incorrect view of what happened during mediation and, on that incorrect basis, awarded sanctions. Plaintiff quotes the MOO as stating that "if plaintiff's counsel had conceded that the case was time-barred at the time of mediation (when little discovery had yet occurred), the outcome here might be different. That did not happen, causing the Court to lean toward granting an award[,]" and, further, "[b]ecause plaintiff rejected defendants' June 2015 mediation position that both claims were time-barred, proceedings necessarily continued, including extension of discovery (at least partly due to defendants' almost complete failure to have engaged in timely discovery prior to the mediation despite the looming discovery deadline), and ultimately the filing of a motion for summary judgment. Again this weighs in favor of granting an award." (Mot. at 1538-39, quoting MOO at 1529, 1529-30.)[7]

Plaintiff then asserts that counsel believed the case had settled on terms set forth by Magistrate Judge Burke. Plaintiff explains that "[a]ccording to Attorney Gilbert's notes, the last demand [during mediation] was $100,000 and the last offer was $25,000." (Mot. at 1541, citing Gilbert Aff. ¶ 17, footnote omitted.) According to plaintiff, "The Magistrate Judge, after reviewing both sides of the case, indicated to the Plaintiff and counsel that she thought the case should settle for a 'fair amount of $65,000.'" (*Id.*) Despite counsel's advice to reject this offer, plaintiff ordered counsel to accept it and that fact was communicated to the magistrate judge.

---

[7] Plaintiff asserts that the Court gave defense counsel's conduct "more lenient treatment[.]" (Mot. at 1544.) But any actions of defense counsel that contributed to the multiplicity of proceedings (*see* MOO at 1529 – "Admittedly, not all [the multiplicity] was the result of plaintiff's counsel's behavior; defendant's [sic] counsel also substantially contributed to excess filings with their attendant costs, expenses, and attorney fees.") are considered in mitigation of the amount of the sanction, not whether to grant it.

Then plaintiff's motion states, rather inexplicably, that "[a]lthough … not privy to the Defendant's communications to Magistrate Burke, Attorney Gilbert felt this case had settled." (*Id.* at 1542.) Plaintiff points to nothing in the record to explain why she and her counsel would have thought that defendant, whose last offer of settlement was apparently $25,000, would then accept the magistrate judge's suggestion of settling for $65,000 simply because plaintiff had accepted it. Nonetheless, plaintiff now insists that "it was the Defendant who rejected the financial suggestion of the Magistrate." (*Id.* at 1543, underlining omitted.)

This argument is a red herring. The Court granted fees and costs under § 1927 not for any failure to settle during mediation, either for $25,000 or for $65,000,[8] but because plaintiff's counsel pursued a case that was clearly time-barred. In assessing the issue of timeliness, the Court noted that, although *plaintiff* may have "simply misunderstood the process and thought she was complying with its requirements, nothing in the record explains the delays *after* plaintiff's present counsel stepped into the case and made a request for a right to sue letter." (MOO at 1530.) In light of that fact, the Court ultimately concluded that plaintiff's counsel "filed the lawsuit and pursued it all the way through summary judgment despite having been advised *at least* twice that case law confirmed the bar of untimeliness." (*Id.* at 1531.) Whatever reference this Court may have made to the mediation was in that context alone; even *if* the Court were to take as true that experienced counsel such as plaintiff's would have initially believed the action was not time-barred, convincing case law in opposition was presented during mediation. Because

---

[8] In hindsight, it seems that defendants were arguing that plaintiff rejected defendants' $25,000 offer of settlement, whereas plaintiff is now arguing that defendants rejected the magistrate judge's suggestion of a $65,000 settlement. In the end, it does not matter who rejected what because the Court used the facts surrounding the mediation only to point out that, by refusing to accept the legal reality that the case was time-barred, pointed out during mediation, plaintiff's counsel caused the multiplying of proceedings. These facts, taken in light of the entire record, will go toward the decision of how much to award and when the clock should start ticking.

counsel failed to avail himself of *that* opportunity to voluntarily dismiss, he left defendants with no option but to proceed with a case that was ultimately summarily *dismissed as time-barred*.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion for reconsideration (Doc. No. 121) is granted; but, upon reconsideration, the Court adheres to its original decision to award attorney fees and costs under 28 U.S.C. § 1927.

This matter is now referred to Magistrate Judge Burke for a final determination of the amount of fees and costs to award in favor of defendants against plaintiff's counsel. *See* 28 U.S.C. § 636(b)(3). Magistrate Judge Burke is directed to apply her intimate knowledge of the procedural development of this case to determine an appropriate amount for the award.

Within 14 days of the date of this order, defendants shall file a brief documenting the amount to which they believe they are entitled. Plaintiff's opposition shall be filed within 14 days after defendants' brief. No additional briefs will be permitted absent leave of Magistrate Judge Burke.

Finally, counsel are encouraged to use their best efforts to mutually agree upon an appropriate award so as to avoid both the need for the magistrate judge to decide and the need for any appeal. This matter should be put to rest as amicably as possible and everyone should move on.

**IT IS SO ORDERED**.

Dated: October 5, 2016

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**