UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STYLA Y. CARTER, | ) | CASE NO. 5:14-cv-2691 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| HICKORY HEALTHCARE INC., | ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | ) | |

Before the Court is the appeal of plaintiff and her attorney ("plaintiff's counsel"[1]) (Doc. No. 142[2]) from Magistrate Judge Kathleen B. Burke's May 3, 2017 memorandum opinion and order setting the amount of attorney's fees and costs to be awarded to the sole remaining defendant, Hickory Healthcare Inc., as a court-ordered sanction under 28 U.S.C. § 1927. Defendant filed its opposition and cross-appeal. (Doc. No. 143.) Plaintiff's counsel filed an opposition. (Doc. No. 144.) For the reasons set forth herein, Magistrate Judge Burke's decision is affirmed and judgment will be entered.

## I. BACKGROUND

Several earlier rulings by this Court set forth in detail the underlying facts of the case, which need not be repeated here, other than by way of summary. (*See* Doc. Nos. 110, 112, 118 and 130.)

---

[1] In fact, the award of fees and costs was ordered against plaintiff's attorney only, not plaintiff herself.

[2] Doc. No. 142 is styled as both an appeal and as objections to the magistrate judge's order.

Plaintiff filed a complaint alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and its Ohio counterpart. Defendant claimed that the case was time-barred because it was not filed within 90 days of plaintiff's receipt of her right to sue letter; but plaintiff's counsel steadfastly took the position that plaintiff was entitled to equitable tolling. Eventually, the Court agreed with defendant and granted summary judgment. That decision was not appealed. Defendant then sought an award of attorney's fees and costs, arguing, *inter alia*, that plaintiff's counsel, who is very experienced in this type of litigation, should have known prior to filing the complaint that it was time-barred. Defendant further argued that plaintiff's counsel had been advised during the course of the proceedings of case law that definitively established both the time-bar and the lack of any basis for equitable tolling, but nonetheless declined voluntary dismissal of the case.

The Court concluded that an award of fees and costs was warranted because plaintiff's counsel had "'multiplie[d] the proceedings vexatiously and unreasonably' resulting in 'excess costs, expenses and attorneys fees reasonably incurred because of such conduct.'" (Doc. No. 118 at 1528,[3] quoting 28 U.S.C. § 1927.) The Court adhered to this decision upon plaintiff's motion for reconsideration, and referred the matter to the magistrate judge to determine an appropriate amount of fees and costs.[4]

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

[4] In ordering the referral, this Court directed the magistrate judge "to apply her intimate knowledge of the procedural development of this case to determine an appropriate amount for the award." (Doc. No. 130 at 1655.) This was recognition of the fact that the magistrate judge had presided over significant portions of this case, notably, most of the discovery and the mediation. *See Howe v. City of Akron*, No. 16-3368, 2017 WL 3484985, at *2 (6th Cir. Aug. 15, 2017) (per curiam) ("'[s]ubstantial deference' is owed [an award of attorney's fees] because of 'the district court's superior understanding of the litigation[]'") (citing *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (noting the "desirability of avoiding frequent appellate review of what essentially are factual matters."))). Here, where the magistrate judge possessed the "superior understanding" of the proceedings, similar "[s]ubstantial deference" by this Court is appropriate.

On May 3, 2017, following full briefing and two telephone conferences with counsel,[5] Magistrate Judge Kathleen B. Burke issued a memorandum opinion and order (Doc. No. 141 ["MOO"]) directing plaintiff's attorney, Edward L. Gilbert, to pay $25,995.32 to defendant Hickory Healthcare Inc. on or before May 31, 2017.[6] The instant objections and cross-appeals followed.

## II. DISCUSSION

**A.     Standard of Review**

The Court's review of an appeal from a magistrate judge's pre-judgment order on a non-dispositive matter is governed by LR 72.3(a), which provides that the Court "shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.*, No. 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*,

---

[5] The briefs include defendant's brief (Doc. No. 131) and plaintiff's opposition (Doc. No. 134). Telephone conferences conducted on January 26, 2017 and February 27, 2017 were aimed at attempting to reach a mutually agreeable resolution, without further judicial intervention. These were memorialized by minute orders. (Doc. Nos. 138 and 140.)

[6] Defendant had sought an award of $76,206.07. (Doc. No. 131.)

3

No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [T]he test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985))).

This standard of review does not set a high bar, since "[u]nduly rigorous appellate review of fee awards creates the risk of satellite litigation that leads to more satellite litigation over matters that have nothing to do with the underlying cause of action." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 828 (6th Cir. 2013) (Sutton, J., concurring in part and dissenting in part) (a case involving "prevailing party" fees under Title VII).

**B.   Analysis**

   **1.   The Starting Date for the Award**

The MOO determined that "[b]ased on the Court's reasoning in the 7/29/16 and 10/5/16 MOOs, . . . plaintiff['s] counsel's pursuit of the case became unreasonable and vexatious, and the fee award should run [from September 15, 2015]" (MOO at 1780), the date when defendant's counsel advised plaintiff's counsel of case law establishing that plaintiff's claim was time-barred and not subject to equitable tolling.

Plaintiff's counsel argues that, if he deserves to be sanctioned at all,[7] "a large portion of any wasted time and effort must be attributed to what [defendant's] counsel did after the initial discovery cutoff date (i.e. July 1, 2015)." (Doc. No. 142 at 1797.)[8] Plaintiff's counsel claims that, had defendant's counsel not waited until June 22, 2015 to participate in the discovery process, the fees relating to discovery that are now being assessed against plaintiff's counsel would have largely been incurred *prior to* September 15, 2015. Read closely, plaintiff's counsel's brief seems to suggest that the award should cover "only 6.75 hours [that] were spent on researching/preparing the Motion for Summary Judgment." (*Id.* at 1798.)

There were two possible dates to start the fee clock running, based on when plaintiff's counsel had definite notice that plaintiff's claims were time-barred. The magistrate judge chose the later date. Presumably, plaintiff's counsel is not advocating for the earlier date, but he has not suggested an alternate date that would be more appropriate than September 15th.

Defendant's cross-appeal also challenges the September 15th date. In defendant's view, the starting date should have been June 18, 2015, the date of the mediation during which defendant's counsel "identified case law showing that plaintiff's claim was time-barred[.]" (Doc. No. 143 at 1806, quoting Doc. No. 118 at 1528.) But defendant's attribution of this quote to the

---

[7] The argument set forth by plaintiff's counsel on pp. 1797-98 of his appeal is largely devoted to arguing that *any* award is inappropriate. That matter has been decided and is not before the Court. The issue now is only the amount.

[8] Plaintiff's counsel also inexplicably objects to the timeliness of defendant's fee application, citing *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789 (7th Cir. 1983). Aside from the fact that *Overnite Transp.* is not controlling law in this circuit, it is distinguishable because it dealt with whether the district court had jurisdiction to entertain a motion to compel attorney's fees and costs under 28 U.S.C. § 1927 after its dismissal of the underlying action had already been affirmed by the court of appeals. The Seventh Circuit held that "since the defendant failed to file a motion before any court requesting attorney's fees while the appeal on the merits was pending, and because the district court did not reserve jurisdiction nor was jurisdiction expressly reserved by statute, . . . the defendant did not file its motion within a reasonable time and the district court was without jurisdiction to act on the motion." *Id.* at 793-94. In the instant case, defendant filed its motion for attorney's fees and costs eleven (11) days after the dismissal of the case as time-barred, a dismissal that was never appealed. Although an appeal was filed from the later order determining that defendant was entitled to recover attorney's fees and costs from plaintiff's counsel, that appeal was dismissed because the order was not yet final. (*See* Doc. No. 135.)

*Court* is disingenuous. In full context, the Court's opinion stated: "Defendants note that . . . their counsel identified case law showing that plaintiff's claim was time-barred, a position rejected by plaintiff's counsel." The Court was not making a finding; it was merely reviewing defendant's argument in its original motion for fees and costs.

Defendant also points to this Court's statement that, "[b]ecause plaintiff rejected defendants' June 2015 mediation position that both claims were time-barred, proceedings necessarily continued[.]" (*Id.* at 1806, quoting Doc. No. 118 at 1529.) Once again, defendant fails to quote this in context. The Court's full statement was that proceedings necessarily continued, "including extension of discovery (at least partly due to defendants' almost complete failure to have engaged in timely discovery prior to the mediation despite the looming discovery deadline), and ultimately the filing of a motion for summary judgment." (Doc. No. 118 at 1529-30.) The Court was merely weighing factors for and against granting an award under § 1927. The Court was pointing out that plaintiff's counsel's actions may have caused the multiplication of proceedings, but it was equally signaling that defendant's counsel's own actions did little to mitigate the problems caused by plaintiff's counsel's position.

In reasonably settling on September 15, 2015, as the starting date for fees and costs, rather than June 18, 2015, the magistrate judge cited to the affidavits of both of defendant's counsel that had been submitted in support of the motion for fees and costs. The affidavit of Sue Ellen Salsbury, who represented defendant during the mediation on June 18th, does not state that she provided case law to plaintiff's counsel at that time. Rather, the affidavit merely states that counsel took the position during her opening statement at the mediation that the claims were time-barred. (*See* Doc. No. 114-8.) The affidavit of Scott Salsbury, defendant's other counsel, states that he sent specific case law to plaintiff's counsel on September 15, 2015.

Whereas the Court, in determining the appropriateness of even granting § 1927 sanctions took the mediation proceedings into account, the magistrate judge, in determining the starting point for the fees and costs, reasonably selected September 15, 2015 as the date when plaintiff's counsel was definitively supplied with legal authority establishing that plaintiff's claims were time-barred and were not subject to equitable tolling.

The Court concludes that the choice of September 15, 2015 as the starting date for computation of fees and costs was neither "clearly erroneous" nor "contrary to law."

### 2. The Amount of Fees and Costs

In the remainder of his appeal, plaintiff's counsel raises several arguments challenging the magistrate judge's determination of the amount of attorney's fees and costs to be awarded.[9] Preliminarily, the Court notes that the brief supporting plaintiff's counsel's appeal is remarkably sparse. Most notably, other than repeatedly declaring that the MOO is "clearly erroneous" and "contrary to law" in various respects, the brief provides few particulars, merely citing in general to various exhibits.[10] There has been no real effort to pinpoint particular services performed and/or hours spent by defendant's counsel that plaintiff's counsel seeks to have eliminated from the amount awarded. The arguments are all very cursory. It appears that plaintiff's counsel, by citing to any given appendix as a whole, is simply of the view that the *entire* award of fees and costs should be vacated. But that issue is not before the Court, having already been both decided *and*

---

[9] Both this Court and the magistrate judge urged the parties and counsel to mediate this dispute and mutually agree on an amount of fees and costs without further judicial intervention; but, as was the case throughout these proceedings, opposing counsel saw eye to eye on very little, requiring this Court or the magistrate judge to repeatedly referee their disputes.

[10] In support of his opposition to defendant's brief regarding attorney's fees, plaintiff's counsel extracted entries from defendant's counsel's invoices to construct appendices of various categories of challenged items. (Doc. Nos. 134-1 through 134-9.) As pointed out by the magistrate judge, there is significant overlap among the appendices, as many items are included in more than one appendix. (*See* MOO at 1779, n.3.)

adhered to upon reconsideration. (*See* Doc. Nos. 118 and 130.) The Court itself has no duty to ferret out from the various appendices those services and/or hours that *may* illustrate each of plaintiff's counsel's general propositions. The Court has, nonetheless, separately examined each of the arguments.

      a.      **Time Spent on Issues Unrelated to the Time-Bar**

Plaintiff's counsel first asserts that "[t]he Magistrate Judge erred in granting [defendant] fees for numerous entries reflecting time spent on issues that were not even raised in [its] Motion for Summary Judgment." (Doc. No. 142 at 1798.) Plaintiff's counsel asserts that timeliness was the only issue in the summary judgment motion, but, "[a]fter September 15, 2015, more than 30 hours was spent on issues related to Plaintiff's disability." (*Id.*, citing Doc. Nos. 131-2[11] and 134-9.) Plaintiff's counsel characterizes this as defendant's counsel "racking up fees on unrelated issues throughout October 2015." *Id.*

The magistrate judge addressed this as a question of "proceeding with discovery" beyond the scope of the time-bar question and rejected the argument for three reasons: (1) the additional cost of discovery would have been eliminated had plaintiff's counsel dismissed the case when he knew or should have known it was time-barred; (2) discovery had not been stayed pending resolution of the time-bar issue and the parties were under a deadline for completing fact discovery; and (3) there was no reason to second-guess defendant's counsel's strategy not to file an earlier motion to dismiss on the ground of untimeliness (as plaintiff's counsel had urged), or to assume that, had he done so, discovery would have been stayed. (MOO at 1785, citing Doc. No. 134 at 1736, 1745.)

---

[11] Doc. No. 131-2, attached to defendant's brief regarding attorney's fees (Doc. No. 131) consists of 39 pages of defendant's counsel's invoices.

In his appeal, plaintiff's counsel points to nothing specifically "clearly erroneous" or "contrary to law" in the magistrate judge's determination. He simply disagrees with the determination. Plaintiff's counsel also asserts, in conclusory fashion, that "this work should have been done before the initial discovery cut-off date." (Doc. No. 142 at 1798.) Aside from not identifying precisely what "this work" means (perhaps everything listed in Doc. No. 134-9), plaintiff's counsel does not explain why the *initial* discovery cut-off date (July 1, 2015 - *see* Doc. No. 10) would control. That deadline was generally extended to September 18, 2015 (*see* Doc. No. 48), and further extended to October 22, 2015 for purposes of taking the depositions of two doctors (*see* non-document Order dated October 19, 2015). Although there are a few isolated entries in Doc. No. 134-9 that are somewhat mysterious to the Court (*e.g.*, on 1/28/15 -- "(SES) review & analysis of all correspondence in underlying action from the Littler file (2.0) . . . ."), plaintiff's counsel has done nothing, beyond the general list, to *pinpoint* anything in particular that would not have constituted appropriate discovery in the event the case were to have proceeded. The Court also considered plaintiff's counsel's original opposition to defendant's fee request, but found no guidance there. (Doc. No. 134.) The appendix prepared by plaintiff's counsel isolates entire blocks of services, many of which cannot be found to be inappropriate (*e.g.*, the same 1/28/15 listing cited above also includes "review & analysis of deposition of Styla Carter (2.50) . . . .").

The burden is on plaintiff's counsel to identify errors in the magistrate judge's ruling. It is not for this Court to guess what counsel might believe the particular errors are among the entries on the cited appendices.

This assignment of error is overruled.

### b. Defendant's Counsel's Failure to Demonstrate Reasonableness of Rates

Plaintiff's counsel argues that defendant's counsel failed to submit any fee agreement to substantiate that the rates and hours presented to the Court were the same rates and hours charged to their client. Further, since the burden is on defendant's counsel to establish reasonableness, plaintiff's counsel faults them for failure to submit an expert opinion, instead relying only on Attorney Scott Salsbury's own "experience" that the rates are reasonable. Finally, plaintiff's counsel challenges the lack of affidavits from Attorney Ellen Salsbury and all of the other legal professionals for whom time was billed. Plaintiff's counsel generally argues that he "cannot be held responsible for unverified time entries." (Doc. No. 142 at 1799, citation omitted.)

The magistrate judge rejected defendant's counsel's reliance upon the average billing rates for the State of Ohio, applying instead, as plaintiff's counsel had advocated, the average billing rates in the relevant geographic location, *i.e.*, Akron, Ohio. (MOO at 1782.) The magistrate judge then separately examined each legal professional's billing rate, adopting some as reasonable, and reducing two of them.

Plaintiff's counsel does not point out what is "clearly erroneous" or "contrary to law" with respect to this reasoning. He merely cites two cases for the general proposition that "[t]he party seeking fees must prove the claimed hourly rates and hours expended are reasonable." (Doc. No. 142 at 1799, citing *Lentz v. City of Cleveland*, No. 1:04-cv-669, 2011 WL 5360141, at *2 (N.D. Ohio Nov. 7, 2011) and *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).) Although asserting that defendant should have supported its fee application with fee agreements and expert affidavits,

plaintiff's counsel fails to cite any case law that states such a requirement in this context, namely, determining an award of fees as a sanction.[12]

This assignment of error is overruled.

### c. Duplicative and Unnecessary Work

Plaintiff's counsel argues in his appeal that, after September 15, 2015, defendant's counsel "expended 47.5 hours ($10,270.00) that were unnecessary and duplicative." (Doc. No. 142 at 1799, citing Doc. Nos. 131-2 and 134-4.) He argues that, "although the Magistrate Judge agreed in part, the amount of fees requested was not reduced accordingly." (*Id* at 1799-1800.)

The section of the MOO dealing with duplicative and unnecessary work is not crystal clear. However, it appears that, whereas plaintiff's counsel had argued that defendant's counsel should not be able to continue to bill for research relating to the time-bar after September 15, 2015, the magistrate judge concluded that such research was aimed not at the time-bar issue itself but at whether defendant could recover attorney's fees from plaintiff as a sanction because she proceeded in the face of knowledge that the case was untimely. The MOO concludes that defendant could recover for these research tasks. Even so, the fees were reduced by the magistrate judge. (MOO at 1785.) Additionally, the magistrate judge reduced the fees for time spent researching Rule 11 sanctions.

---

[12] The Sixth Circuit has suggested that a prevailing party in a civil rights case seeking statutory fees "must support their bills[, *inter alia*,] with expert affidavits[.]" *The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 724 (6th Cir. 2016). But the Court has found no authority supporting that proposition when fees are being awarded in other contexts, such as here, as a sanction. It seems to the Court that the attorney who obtained the award need only file the attorney's own affidavit, as an officer of the court, to establish his or her rates as reasonable. In addition, the Court itself has knowledge and experience that can be applied to the question of reasonableness. *See, e.g.*, *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011) ("A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.") (citations omitted).

Plaintiff's counsel's appeal brief offers no insight into why these determinations are "clearly erroneous" or "contrary to law." He simply fails to recognize that the MOO *did* reduce the fees.

This assignment of error is overruled.

### d. Insufficient Detail and Block Billing

Plaintiff's counsel states that there are five entries after September 15, 2015 "that demonstrate block billing[.]" (Doc. No. 142 at 1800, citing Doc. Nos. 131-2 and 134-7.) He points particularly to the entry for October 6, 2015. (Doc. No. 134-7 at 1760.)

The MOO looked at each of the five entries and determined that they are sufficiently detailed because in each entry "[defendant's counsel] identified the general subject matter and was not required to record in great detail each minute he or others spent on an item." (MOO at 1787, citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).)

Once again, plaintiff's counsel, aside from citing the law, does not explain why this determination is "clearly erroneous" or "contrary to law." He merely disagrees with the decision.

This assignment of error is overruled.

### e. Clerical and Administrative Work

Plaintiff's counsel argues that he should not be charged for the purely administrative tasks contained in five entries totaling 5.5 hours ($1,065.00). (Doc. No. 142 at 1801.) He states that, although the MOO concluded that the entries itemized clerical tasks, the amount charged was reduced by only $261, leaving plaintiff's counsel to pay $804.

The magistrate judge concluded that "a few entries include clerical tasks that are not compensable and/or some tasks that would be compensable at a reduced, non-attorney rate."

(MOO at 1788.) Instead of taking a "line by line approach," the magistrate judge "conclude[d] that a small percentage reduction of the lodestar amount, 1%, is appropriate for the entries in question." (MOO at 1788-89, citing *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11CV316, 2013 WL 5442302, at *4 (N.D. Ohio Sept. 27, 2014) (taking a 1% deduction from the lodestar amount for very small instances of billing for clerical tasks).)

Plaintiff's counsel does not challenge this percentage method as inappropriate. He simply cites the generic case law and disagrees with the outcome.

This assignment of error is overruled.

### f. Time Spent Fixing Counsels' Own Errors

Plaintiff's counsel argues that he should not have to pay any fees for time spent by defendant's counsel preparing the Rule 11 motion for sanctions, since that motion was denied due to defendant's counsel's failure to comply with the safe harbor requirement of the rule. (Doc. No. 142 at 1801, citing Doc. Nos. 131-2 and 134-6.)

The MOO deducted 5.25 hours (October 5, 2015) and 1.75 hours (October 16, 2015), for a total deduction of $1,610.00. (MOO at 1790-91.) Plaintiff's counsel's appeal brief asserts that the deduction should have included all six entries in Doc. No. 134-6 between September 24, 2015 and October 16, 2015, totaling 25.25 hours ($4,605.00). This view is not correct because some of those entries (*e.g.*, October 2, 2015 and October 8, 2015) specifically indicate that research was broader than just Rule 11. That said, the remaining four entries in Doc. No. 134-6 are repeated in Doc. No. 134-3 and are covered (and accounted for) in the MOO's discussion of, and plaintiff's counsel's challenge to, excessive billing for researching the fee motion. Including them here would result in a double deduction.

This assignment of error is overruled.

13

### g. Excessive Billing

The MOO concluded that "defendants' counsel billed at least 29.75 hours for researching and 48.75 hours for preparing briefs, for a total of 78.5 hours, all on pursuing a fee award." (MOO at 1792.) The magistrate judge determined that this was excessive and that the best way to address that fact was to apply a 30% reduction. (*Id.*) Even so, plaintiff's counsel challenges this because, he claims, the award still amounts to "approximately 26 percent of the overall fee award, which is unreasonable and excessive." (Doc. No. 142 at 1802.) Plaintiff's counsel also argues that some of the work should have been performed by law clerks instead of attorneys.

As with previous arguments, plaintiff's counsel does not identify errors in the magistrate judge's findings or conclusions, including the decision to apply a 30% reduction rate as a way to address the excessiveness of the billing for pursuing the fee award. This reduction method has been approved by the Sixth Circuit. *See Kentucky Rest. Concepts Inc. v. Louisville*, 117 F. App'x 415, 419 (6th Cir. 2004) ("Hours may be cut for duplication, padding, or frivolous claims by the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours.") (internal quotation marks and citation omitted).

This assignment of error is overruled.

## III. CONCLUSION

For the reasons set forth herein, the Court concludes that plaintiff's counsel has failed to establish that the magistrate judge's memorandum opinion and order of May 3, 2017 is clearly erroneous or contrary to law in any particular respect. Accordingly, the order is affirmed and final judgment will be entered.

**IT IS SO ORDERED**.

Dated: October 16, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**